UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**EARNEST L. HALFORD,**

      **Plaintiff,**

v.                                                                      Case No. 21-CV-279

**ABBY FREDERICK and
JASON McHUGH,**

      **Defendants.**

---

### ORDER

---

Plaintiff Earnest L. Halford, who is confined at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Halford also filed a motion to appoint counsel (ECF No. 10) and a motion for leave to proceed without prepaying the filing fee (ECF No. 14). Additionally, Halford has filed many letters and also appears to have filed an unsigned notice of appeal. (ECF No. 26.) This order addresses these outstanding motions and issues and screens his complaint.

The court has jurisdiction to screen the complaint in light of Halford's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set

forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. **Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Halford was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On June 29, 2021, the court ordered that Halford shall pay $2.37 as an initial partial filing fee by July 19, 2021. (ECF No. 19.) The court granted Halford an extension to pay the initial partial filing fee by August 10, 2021. (ECF No. 22.) Halford paid the fee on August 12, 2021. The court will grant Halford's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

2. **Screening of the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon

2

Case 2:21-cv-00279-WED   Filed 09/10/21   Page 2 of 11   Document 28

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

3

### 2.2 Halford's Allegations

Halford alleges that on January 27, 2021, at approximately 8:03 p.m. defendant Abby Fredericks sexually molested him by trying to force him to produce an erection. (ECF No. 1 at 3.) Halford is wheelchair-bound because he has deformed feet and a deformed left hand and as a result was unable to defend himself against Fredericks's assault. (*Id.* at 2-3.) Halford seeks monetary damages and a declaration that defendant Security Director Jason McHugh produce the surveillance video from January 27 that contains evidence of the sexual assault. (*Id.* at 4.)

### 2.3 Analysis

The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). This can include where a prison guard "perform[s] some action that is 'intended to humiliate the victim or gratify the assailant's sexual desires.'" *Gillis v. Pollard*, 554 Fed. Appx. 502, 505 (7th Cir. 20140 (quoting *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012.)).

Halford sufficiently alleges that Fredricks performed an action that either intended to humiliate him or gratify her sexual desires. He may proceed on an Eighth Amendment claim against her.

Halford also names Jason McHugh as a defendant, but the only mention of McHugh in his complaint is his request for a declaration that McHugh produce the

4

surveillance video that allegedly contains evidence of the assault. Halford's allegations against McHugh do not amount to a § 1983 claim because the allegations do not suggest that McHugh violated Halford's constitutional rights. Because Halford fails to state a claim against him, McHugh is dismissed.

Halford should be able to obtain the surveillance video from Fredricks using the discovery process. Once Fredricks answers the complaint, the court will issue a scheduling order setting the deadlines for conducting discovery. At that time, Halford may issue interrogatories (written questions) and/or requests for productions of documents (which would include the video) to Fredricks. If Fredricks does not satisfactorily respond to Halford's requests, Halford then has an obligation to confer with her attorney under Fed. R. Civ. P. 37. If Halford cannot resolve the dispute with Fredricks' attorney, he may then file a motion to compel with the court.

### 3. Halford's Letters and Notice of Appeal

Halford has filed several letters inquiring about the status of rulings on his motions. Halford did not pay the initial partial filing fee until three months after he filed his complaint, which delayed moving his case along. The court has not been dilatory in addressing Halford's motions or screening his complaint, nor has it been spurred on by his letters. The court has a number of other matters that require its attention, including a number of lawsuits brought by other prisoners seeking relief not unlike that sought by Halford. He is encouraged to refrain from filing similar letters in the future.

As for his Notice of Appeal (ECF No. 26), it is unclear what Halford's intentions are. No appealable decisions or orders have been entered. Thus, it is unclear what Halford is attempting to appeal. Having said that, Halford's notice of appeal is unsigned. If Halford still wants to move forward with his appeal, he will have to submit a signed version of the notice of appeal. Halford should note that, once he files a signed notice of appeal, he will be obligated to pay an additional $505 in filing fees.

4.  **Motion to Appoint Counsel (ECF No. 10.)**

Halford filed a motion to appoint counsel. (ECF No. 10.) In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire

6

counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Halford states under penalty of perjury that he contacted two attorneys who declined to take the case. He satisfies the first prong.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Halford states he needs an attorney because he is unable to afford counsel

7

and that he has limited access to the law library. Halford's case concerns one simple issue—what happened around 8 p.m. on January 27, 2021. Halford's case just survived screening. As explained above, once Fredericks answers the complaint, the case will enter the discovery phase, which consists of written interrogatories (questions) and requests for the production of documents. A person does not need to be well-versed in the law to ask or truthfully answer questions. Halford has demonstrated that he is able to communicate his issues and concerns to the court, as evidenced by the many letters he has filed. His complaint and accompanying declaration also demonstrate that he clearly understands the issues in his case. The court believes Halford is able to effectively communicate with both the court and Fredericks' counsel and participate in discovery. As such, the court denies his motion. If circumstances change or Halford encounters obstacles that he does not believe he can handle on his own, he may renew his motion, and the court will consider it at that time.

5. Conclusion

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Halford's motion for leave to proceed without prepayment of the filing fee (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jason McHugh is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on

defendant Abby Fredricks. It is **ORDERED** that, under the informal service agreement, Fredricks shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Halford shall collect from his institution trust account the $347.63 balance of the filing fee by collecting monthly payments from Halford's prison trust account in an amount equal to 20% of the preceding month's income credited to Halford's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Halford is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Halford is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Halford is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Halford is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Halford's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Halford may find useful in prosecuting his case.

---

Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 10th day of September, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge

11