# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EARNEST L. HALFORD**,

    Plaintiff,

  v.                                                      **Case No. 21-CV-279**

**ABBY FREDERICK,** *et al.*,

    Defendants.

## ORDER

On September 21, 2021, the court screened *pro se* plaintiff Earnest L. Halford's complaint and allowed him to proceed on a claim against defendant Abby Frederick for allegedly sexually molesting him on January 27, 2021. (ECF No. 28.) On October 7, 2021, Halford filed a motion to amend his complaint to add a claim that Frederick also sexually molested him on January 11, 2021. (ECF No. 33.) Shortly after filing the motion to amend his complaint, and before the court could consider the motion or screen the amended complaint, an unknown inmate at WRC posed as Halford and voluntarily dismissed the case. Once the court was notified that the case had been erroneously dismissed, it reopened the case and directed Frederick to file a responsive pleading. (ECF No. 39.) In the confusion, the court did not rule on Halford's motion to amend his complaint. Frederick filed an answer to the original complaint.

On June 20, 2022, Frederick filed a motion for partial summary judgment on the ground that Halford, failed to exhaust his administrative remedies as to the

January 11, 2021, sexual molestation claim. (ECF No. 43.) The court has not yet ruled on Halford's motion to amend the complaint or screened the amended complaint. Halford has also not responded to Frederick's motion for partial summary judgment, even though on June 21, 2022, the court issued a notice and order directing Halford to file a response to Frederick's summary judgment motion by July 20, 2022. The court cautioned Halford that, if he failed to timely file a response, it would accept all facts asserted by Frederick as undisputed and likely grant summary judgment in her favor. (ECF No. 47.)

Because the deadline to file a response to Fredrick's summary judgment motion has passed, the court is entitled to construe the motion as unopposed and accept all facts asserted by Fredericks as undisputed. After reviewing Frederick's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), the court concludes that Frederick would be entitled to summary judgment on the January 11, 2021, claim included in the amended complaint because Halford failed to exhaust his administrative remedies. In light of this, allowing Halford to amend his complaint to include the January 11, 2021, claim would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) As such, the court will deny his motion to amend his complaint and deny as moot Frederick's motion for partial summary judgment on exhaustion grounds.

2

Case 2:21-cv-00279-WED   Filed 08/15/22   Page 2 of 3   Document 48

**IT IS THEREFORE ORDERED** that Halford's motion to amend the complaint (ECF No. 33) is **DENIED**. The original complaint (ECF No. 1) remains the operative complaint.

**IT IS FURTHER ORDERED** that Frederick's motion for partial summary judgment on exhaustion grounds (ECF No. 43) is **DENIED as moot.**

Dated in Milwaukee, Wisconsin this 15th day of August, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge