# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EARNEST L. HALFORD,**

      **Plaintiff,**

v.                                                                                 Case No. 21-CV-279

**ABBY FREDERICK,**

      **Defendant.**

## ORDER

On November 11, 2022, defendant Abby Frederick filed a motion for summary judgment on the merits. (ECF No. 58.) On November 14, 2022, the court issued a notice and order informing *pro se* plaintiff Earnest L. Halford that he had until December 11, 2022, to file a response to Frederick's summary judgment motion. (ECF No. 63.) The court cautioned Halford that, if by that date he did not respond to the motion or file a letter explaining why he was unable to do so, the court would accept all facts asserted by Halford as undisputed.

Halford then filed several motions for extension of time (ECF Nos. 72, 77, 83), which the court granted, ultimately setting the deadline for Halford to respond to June 30, 2023.

The deadline has passed and Halford has not filed a response to Frederick's motion. As such, the court will construe the motion as unopposed. The court has reviewed Frederick's motion, brief in support, and the undisputed facts, *see* Fed. R.

Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment on the merits. Accordingly, Frederick's motion is granted and the case is dismissed.

Frederick also requested that the court issue a strike pursuant to 28 U.S.C. § 1915 because Halford's lawsuit was frivolous. Specifically, Frederick argues that the video evidence clearly demonstrates that the pat down search was not sexually motivated. The court declines to issue the strike. While the court agrees that the video shows that Frederick properly conducted the pat down search, there is no evidence on the record indicating that Halford knew that it was a proper search but filed the suit anyway.

**IT IS THEREFORE ORDERED** that Frederick's motion for summary judgment (ECF No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from

judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 13th day of July, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge